# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TONY J. MONTGOMERY,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 06-cv-076-WDS** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 04-cr-30139** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to one count (Count 1 of the indictment) of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count (Count 10 of the indictment) of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1). On October 19, 2005, Petitioner was sentenced to 188 months imprisonment (188 months on each count, to be served concurrently), five years supervised release (five years on Count 1 and four years on Count 10, to run concurrently), a fine of $500, and a special assessment of $200. No appeal was filed and Petitioner filed this section 2255 motion on January 31, 2006.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and

to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> 1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.
>
> 2. The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court, the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.
>
> 3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent changes in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon the Sentencing Guidelines amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Plea agreement at § III (Doc. 307, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d

188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed.  *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal.  *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.  *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997);  *Feichtinger*, 105 F.3d at 1190.

In this case, Petitioner states seven grounds for relief: 1) that his counsel was ineffective for failing to explain the charges in the indictment, the presentence investigation report, or the plea agreement, 2) that his counsel was ineffective for failing to object to factual statements in the presentence investigation report, 3) that his counsel was ineffective for failing to object to the calculation of criminal history points, 4) that his counsel was ineffective for failing to file a motion requesting protection because Petitioner was in danger for cooperating with the government, 5) that his counsel was ineffective for failing to inform Petitioner of additional potential grounds for downward departure under the Sentencing Guidelines, 6) that his counsel was ineffective for withdrawing certain objections to the presentence investigation report, and 7) that his counsel was ineffective for failing to object to factual statements in the presentence investigation report.  None of these grounds fall under any of the exceptions to the waiver listed above.  In addition, Petitioner

does not argue that the Court relied on any impermissible facts in sentencing.  Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255 motion.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:  April 20, 2006**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**